UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV 24-373-MFW (MARx)**                    **Date:  November 13, 2024**
Title:      Christine Forrester v. Mohamad A. Reshad, D.D.S., et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS [18] AND DENYING MOTION
FOR SANCTIONS [27];  ENTRY OF
JUDGMENT

Before the Court is Defendants' Motion to Dismiss (the "Motion to Dismiss") and Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 (the "Motion for Sanctions"), filed on behalf of Mohamad A. Reshad, Dr. Reshad D.D.S. Inc., d/b/a Artlab Dentistry, and Ted Conley on June 24, 2024 and July 19, 2024, respectively.  (Docket Nos. 18, 27).  Plaintiff filed an Opposition to the Motion to Dismiss on July 7, 2024.  (Docket No. 23).  Defendants filed their Reply on July 15, 2024.  Shortly thereafter, Defendants repurposed much of the material in the Reply to move for Rule 11 Sanctions against Plaintiff.  (*Compare* Motion to Dismiss; Motion for Sanctions).  No Opposition or Reply was filed in response to the Motion for Sanctions.

The Motion to Dismiss was noticed to be heard on **July 29, 2024**.  The Motion for Sanctions was noted to be heard on **August 19, 2024**.  The Court then continued the Motion to Dismiss to be heard simultaneously on **August 19, 2024**.  (Docket No. 28).  The Court read and considered the papers on the Motions and deemed the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion to Dismiss is **GRANTED**.  Plaintiff has failed to allege the central elements of a federal civil RICO claim, conspiracy in furtherance of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  CV 24-373-MFW (MARx)**                     **Date:  November 13, 2024**
Title:      Christine Forrester v. Mohamad A. Reshad, D.D.S., et al.

RICO enterprise, or a claim for evidence tampering.  The Court need not reach the merits of Plaintiffs' other claims, because the court may decline to exercise supplemental jurisdiction over state causes of action under 28 U.S.C. § 1367 where no federal causes of action remain.  That is particularly appropriate here where Plaintiff's litigation in federal court appears to be a thinly veiled attempt to start anew while avoiding the ongoing litigation in Superior Court.

The patent lack of merit is more than sufficient to show that any amendment would be futile.  Accordingly, the Motion is granted without leave to amend and the entire action is **DISMISSED**.

The Motion for Sanctions is **DENIED**.  The Complaint appears to be a transparent effort to judge- and forum-shop after the Superior Court issued sanctions against Plaintiff for her lack of response to Defendants' discovery requests and her request to disqualify the Superior Court Judge was denied.  Further, this federal action names Reshad's counsel in the Superior Court action, Conley, as a Defendant, in an apparent attempt to disrupt his ability to act as counsel for Reshad both here and in the Superior Court.  These actions were undertaken against the interests of justice, and sanctions would therefore be equitable.  However, Defendants fail to substantiate their costs, and the Court will not hazard to guess at what they may be, especially where, as here, Plaintiff is proceeding pro se.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.